```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
In the Matter of the Arbitration

        - between -                        MEMORANDUM AND ORDER
                                           07-CV-1180(JS)(AKT)
ONE BEACON INSURANCE GROUP,
COMMERCIAL UNION INSURANCE COMPANY
and INTERNATIONAL MARINE UNDERWRITERS

                Petitioner,

        - and -

THOMAS McLAM,

                Respondent.
----------------------------------X
APPEARANCES:
For Petitioner:     David R. Hornig, Esq.
                    Wall Street Plaza
                    88 Pine Street, 7th Floor
                    New York, New York 10005

For Respondent:     Thomas McLam, Pro Se
                    82 Sunset Drive
                    Bayshore, NY 11706
```

SEYBERT, District Judge:

On March 20, 2007, Petitioner One Beacon Insurance Group, Commercial Union Insurance Company and International Marine Underwriters ("Underwriters") commenced this action seeking to enforce an arbitration award issued by the Honorable Harry E. Seidell. Respondent, Thomas McLam ("McLam" or "Respondent"), cross moves to vacate the award on the grounds that the Arbitrator's decision was irrational and unfounded in light of the evidence presented. Respondent also argues that he was not properly served in this action. For the reasons stated below, the Court GRANTS Petitioner's motion to enforce the Award.

BACKGROUND

Underwriters and McLam entered into insurance contract No. CJJ A03870 covering McLam's yacht for a period of one (1) year from December 12, 2001 to Decemeber 12, 2002. The policy provides in pertinent part:

> LOSSES NOT COVERED (EXLCUSIONS)
> We will not pay any loss, damage or expense caused by or resulting from:
> 1. wear and tear; gradual deterioration; weathering; bubbling; osmosis; blistering; delamination of fiberglass or plywood; corrosion; rusting; electrolysis; mold; rot; inherent vice; vermin; insects or marine life;
> 2. your failure to maintain the covered yacht in good condition and repair.
>
> . . . .
>
> ARBITRATION
> If you make a claim under this policy and we disagree about whether the claim is payable or about the amount due to you under the policy, the disagreement must be resolved by binding arbitration . . . .

Pet. Ex. 1

In August of 2002, McLam filed a claim for $12,000 in repairs to his vessel when the transmission failed. Underwriters denied the claim on the grounds that the loss was covered by the "wear and tear" and/or "failure to maintain in good condition" provisions and was thus excluded under the policy. Consistent with the policy terms, the parties entered into binding arbitration to resolve the dispute. Accordingly, Underwriters sent Respondent a letter confirming that the arbitrator's findings and award would be final, regardless of the outcome.

The parties chose National Arbitration & Mediation, Inc. to oversee the arbitration, and the Honorable Harry E. Seidell was chosen as the arbitrator. The National Arbitration & Mediation agreement provides, in pertinent part:

> The parties hereby agree to . . . the following terms and conditions: . . .
> (iii) in the case of arbitration, that the parties will be bound by the Hearing Officer's decision (subject to any high-low limitations agreed upon by the parties);
> (iv) in the case of arbitration, any and all pending litigation arising from this action shall be discontinued with prejudice upon the determination of this matter.

Pet. Ex. 3

Judge Seidell based his decision on both written submissions submitted in advance from the parties and direct and cross-examination of each party's witnesses and experts.

The arbitration hearing was held on May 22, 2006. Underwriters's witness, Ronald Alcus ("Alcus"), testified that, based upon his investigation and survey of the vessel, saltwater corrosion resulted in a transmission cooler failure. (Pet. ¶ 27, 28.) Alcus opined that the corrosion caused transmission fluid to leak, which ultimately resulted in the transmission overheating. Id. Respondent's mechanic, Edward Mills ("Mills") testified that a cable maladjustment caused the initial problem with the boat. (Resp't Aff. ¶ 17.) Respondent argued that the transmission cooler failure was not caused by corrosion or by the age of the cooler, but rather was caused by the cable maladjustment.

On May 31, 2006, Judge Seidell issued an award in Underwriters favor, concluding that McLam's claim fell under the "wear and tear" policy exclusion. Judge Seidell specifically stated that "[t]he work orders and invoices submitted by plaintiff clearly show Star Island Yacht replaced [the] transmission oil cooler and riser that caused transmission damages. The shift cable was adjusted after it was replaced prior to this incident and was not the cause of transmission overheating." (Pet. Ex. 4.)

DISCUSSION

I. Standard of Review

When reviewing an arbitrator's decision, courts review issues of law de novo and issues of fact under a clear error standard. See Int'l Bhd. of Elec. Workers, Local 97 v. Niagara Mohawk Power Corp., 143 F.3d 704, 726 (2d Cir. 1998) (holding an arbitrator's "findings as to questions of law . . . are subject to de novo review by a district court, an arbitrator's factual findings clearly are not."). A court's review of an arbitrator's decision is deferential, and "[a]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." Leed Architectural Prods., Inc. v. United Steelworkers of America, Local 6674, 916 F.2d 63, 65 (2d Cir. 1990).

II. <u>Improper Service</u>

Respondent argues that this action should be dismissed because Respondent was not properly served. The Petition states that Respondent was personally served at 6 Palatto Drive, West Hampton Beach, New York; Respondent maintains that service could not possibly have occurred as stated in the petition because Respondent has not lived at the listed address since December 2003 when Respondent sold his residence. Respondent provides no evidence of his change of address or any data concerning the time of his move.

In contrast, Petitioner filed an affidavit of service which states that McLam was indeed personally served at 82 Sunset Road, Brightwaters, New York in May of 2007. Respondent has not addressed the Affidavit of Service, which lists the Brightwaters, and not the West Hampton Beach address. Under New York law, "a process server's affidavit of service establishes a prima facie case of the account of the method of service, and . . . in the absence of contrary facts," the Court will presume that a party was properly served. <u>Old Republic Ins. Co. v. Financial Services of America, Inc.</u>, 301 F.3d 54, 57 (2d Cir. 2002). Since McLam has failed to raise a cognizable issue regarding service, the Court finds that Respondent was properly served.

III. <u>Enforcement of Arbitration Award</u>

Petitioner seeks an Order pursuant to 9 U.S.C. § 9 which

is entitled, "Award of arbitrators; confirmation; jurisdiction; procedure." In relevant part, the statute provides,

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected . . . .

9 U.S.C. § 9.

Respondent asserts that the arbitration award must be vacated because the Arbitrator's decision was irrational and unfounded.

In the Second Circuit "[a]n arbitrator's decision is entitled to substantial deference, and the arbitrator need only explicate his reasoning under the contract 'in terms that offer even a barely colorable justification for the outcome reached' in order to withstand judicial scrutiny." In re Marine Pollution Serv., Inc., 857 F.2d 91, 94 (2d Cir. 1988) (quoting In re Andros Compania Maritima, S.A. and Mark Rich & Co., 579 F.2d 691, 704 (2d Cir. 1978)). Moreover, "it is not within the province of the federal courts to review the merits of an arbitration award." Int'l Chem. Workers v. BASF Wyandotte Corp., 774 F.2d 43, 45 (2d Cir. 1985); see also United Steelworkers v. Enter. Wheel and Car Co., 363 U.S. 593, 596, 80 S. Ct. 1358; 4 L. Ed. 2d 1424 (1960) (refusing to review the merits of an arbitration award is the

6

proper approach to arbitration). Therefore, a court must confirm an arbitrator's decision if a justifiable ground for the decision can be inferred from the facts of the case. See <u>Siegel v. Titan Indus. Corp.</u>, 779 F.2d 891, 893-95 (2d Cir. 1985); <u>Sobel v. Hertz, Warner & Co.</u>, 469 F.2d 1211, 1216 (2d Cir. 1972).

In the instant action, the Arbitrator's ruling was not irrational or inconsistent with the facts and evidence presented. The Arbitrator stated that he looked to the text of the insurance policy stating: "Losses not Covered: Insurer will not pay for any loss, damage or expense caused by or resulting from, WEAR AND TEAR." Though Plaintiff claims that a cable malfunction caused the gear and transmission problems, the Arbitrator found that the shift cable was adjusted prior to the incident and thus was not the cause of the transmission overheating. Pet. Ex. 4

Because the arbitrator explained his conclusions in terms that offer a "'colorable justification for the outcome reached,' [the Court's] inquiry should end." <u>Abram Landau Real Estate v. Bevona</u>, 123 F.3d 69, 75 (2d Cir. 1997) (quoting <u>St. Mary Home, Inc. v. Service Employees Int'l Union, Dist. 1199</u>, 116 F.3d 41 (2d Cir. 1997). It is clear that the Arbitrator made his decision on the parties' Agreement per the insurance policy based on the evidence presented by both sides. Respondent has not presented the Court with any facts or circumstances that would lead this Court to believe that the Arbitrator exceeded the scope of his authority or

7

acted irrationally. Therefore, Petitioner's petition for recognition and enforcement of the arbitration award is GRANTED.

CONCLUSION

For the reasons set forth herein, the arbitration awards are confirmed. The Court finds that the Arbitrator offered sufficient justification for his decision and did not act irrationally based on the evidence. Accordingly, the Court GRANTS Petitioner's motion to enforce the award. The Clerk of the Court is directed to mark this matter closed.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: July  29 , 2009
       Central Islip, New York